UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SUNWEST BANK, a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>GANNETT CO., INC., a Delaware corporation, and JOURNAL SENTINEL INC., a Wisconsin corporation,<br><br>Defendants. | **ORDER CERTIFYING QUESTION TO THE UTAH SUPREME COURT**<br><br>Case No. 2:24-cv-00876-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

Pursuant to Rule 41 of the Utah Rules of Appellate Procedure, the United States District Court for the District of Utah respectfully requests that the Utah Supreme Court answer the following question of law:

> **Under Utah Law, can a corporate entity bring a false light invasion of privacy claim, or are such claims limited to only natural persons?**

This question "is a controlling issue" in the matter before this court and "there appears to be no controlling Utah law."[1] The court acknowledges that, of course, the Utah Supreme Court may reformulate its question.[2]

---

[1] Utah R. App. P. 41.
[2] *See In re W. Side Prop. Assocs.*, 13 P.3d 168, 170–71 (Utah 2000).

1

**FACTUAL AND PROCEDURAL BACKGROUND**

Sunwest Bank ("Sunwest") is a Utah-based commercial bank.[3] Its CEO Eric Hovde was the Republican candidate for United States Senate in Wisconsin during the 2024 election cycle.[4] On September 19, 2024, the Milwaukee Journal Sentinel published an article titled "Democrats question Eric Hovde over his bank's $26M deal with a troubled Mexican bank" (the "Article").[5] The Article discusses the business dealings between Banco Azteca, a Mexican financial institution, and Sunwest to frame its reporting on Wisconsin Democrats' criticism of Mr. Hovde.[6] It focuses on statements from Democratic Party spokesman Arik Wolk, who criticized a repatriation transaction between Banco Azteca and Sunwest as part of a larger discussion of Mr. Hovde's qualifications for office.[7] Sunwest brought defamation, defamation per se, and false light claims under Utah law against Defendants based on the Article.[8] This court has the case on diversity jurisdiction.

On September 22, 2025, the court granted in part and denied in part Defendants' motion to dismiss.[9] The court dismissed the defamation claims because the statements at issue were either protected opinion, not capable of a defamatory meaning, or did not reasonably imply the defamatory implication alleged.[10] The court did not dismiss the false light claims because

---

[3] Am. Compl. ¶ 28.
[4] *Id.* ¶¶ 115, 166.
[5] Daniel Bice, *Democrats question Eric Hovde over his bank's $26M deal with a troubled Mexican bank*, Milwaukee Journal Sentinel, Sep. 19, 2024, https://perma.cc/XP8V-NFA2, hereinafter "Art.").
[6] Am. Compl. ¶¶ 112–114.
[7] *Id.* ¶¶ 109–111, 115.
[8] *Id.* 28–30.
[9] MTD Order.
[10] *Id.* 9, 13, 18, 21, 23.

Defendants' cursory argument did not establish "that corporate entities cannot bring false light claims under Utah law."[11] The court explained:

> Defendants rely on a single case from this court which stated that Utah has adopted the Restatement approach for invasion of privacy torts. From this, Defendants infer that Utah courts have adopted a comment from the Restatement that corporations have "no personal right of privacy" and cannot bring a false light claim. But Defendants do not point to any decision from a Utah court holding that corporate entities cannot sue for invasion of privacy. In fact, the Utah Supreme Court has considered false light invasion of privacy claims brought by a corporate plaintiff without holding that corporate entities cannot bring these claims. Accordingly, Defendants have not established that corporate entities cannot bring false light claims under Utah law, and their motion is denied on this cause of action.[12]

On November 10, 2025, Defendants filed a Motion for Judgment on the Pleadings.[13] Defendants again argued that Sunwest cannot maintain a false light claim because a corporate entity may not bring a false light invasion of privacy claim. Unlike their previous motion to dismiss, however, Defendants provided sufficient discussion and analysis for the court to fully consider the question. In the alternative, Defendants requested that this court certify the question to the Utah Supreme Court. After considering the relevant authorities, the court has decided to grant Defendants' alternative request.

## LEGAL BACKGROUND

Under the Second Restatement of Torts, corporations have "no personal right of privacy" and cannot bring a false light claim.[14] But it appears that neither the Utah Supreme Court nor any other Utah court has directly addressed whether a corporate entity can bring a false light claim.

---

[11] *Id.* 23–24.
[12] *Id.* 24 (first citing Restatement (Second) of Torts § 652I cmt. c (1977); and then citing *SIRQ, Inc. v. The Layton Companies, Inc.*, 2016 UT 30, ¶ 39, 379 P.3d 1237).
[13] Defs.' Mot. for J. on the Pleadings ("MJP"), ECF No. 50, filed November 10, 2025.
[14] Restatement (Second) of Torts § 652I cmt. c (1977).

And the available authority cuts both ways: some evidence suggests Utah would adopt the Second Restatement of Torts' approach, while other evidence points in the opposite direction.

On one hand, the overwhelming weight of authority from other jurisdictions and Utah courts' adoption of other parts of the Restatement favor the view that Utah would adopt the Restatement. First, numerous courts that have directly addressed the question have adopted the Restatement's approach.[15] Neither the parties nor the court were able to find any case in which a court rejected the Restatement's prohibition on corporations asserting false light claims. Second, Utah courts have adopted the Restatement's articulation of a false light invasion of privacy claim under a different section of the Restatement.[16] Where Utah has adopted part of the Restatement's

---

[15] *See, e.g.*, *MiMedX Grp., Inc. v. DBW Partners LLC*, No. 17-1925, 2018 WL 4681005, at *7 (D.D.C. Sept. 28, 2018) ("Because Georgia, like the District of Columbia, has adopted the Restatement's articulation of a cause of action for false light invasion of privacy, this Court concludes that Georgia also recognizes the Restatement's prohibition on corporate plaintiffs bringing false light claims."); *Hearts with Haiti, Inc. v. Kendrick*, No. 2:13-cv-00039-JAW, 2015 WL 3649592, at *1 (D. Me. June 9, 2015) ("Although the Maine Supreme Judicial Court has not expressly ruled as to whether a corporation may bring an action for false light invasion of privacy, this Court makes an informed prophecy and concludes that Maine law would not allow a corporation to bring an action for false light invasion of privacy."); *Holomaxx Techs. v. Microsoft Corp.*, 783 F. Supp. 2d 1097, 1107 (N.D. Cal. 2011) ("[A] false light claim may be maintained only by individuals. False light implicates an invasion of privacy, which at common law in California is a right reserved exclusively for actual persons.") (internal citations omitted); *Seidl v. Greentree Mortg. Co.*, 30 F. Supp. 2d 1292, 1302 (D. Colo. 1998) (Dismissing false light claim brought by a limited partnership because "the Court does not believe that an association of individuals, such as (the claimant), may claim collectively an invasion of privacy, particularly since the rule on damages appears on its face to refer to individual persons.") (quoting *Bolduc v. Bailey,* 586 F.Supp. 896, 901 (D. Colo. 1984)); *L. Cohen & Co. v. Dun & Bradstreet, Inc.*, 629 F. Supp. 1425, 1429 (D. Conn. 1986) (dismissing corporate plaintiff's false light claim, noting "the plaintiff has offered the court no persuasive reason to reject the considerable uncontroverted authority that 'corporations do not enjoy a right to privacy.'") (internal citations omitted); *Bextel v. Fork Rd. Ltd. Liab. Co.*, 2020 WY 134, ¶ 28, 474 P.3d 625, 633 ("[C]orporations, partnerships, and unincorporated associations have no cause of action for false light invasion of privacy."); *Molina v. B M O Harris Bank*, No. CV 2015-012839, 2022 WL 18587738, at *4 (Ariz. Super. Ct. June 6, 2022) ("Because corporate entities are not capable of suffering emotional harm, the Court will follow the Restatement and hold that, as a matter of law, a corporate entity cannot state a claim for False Light Invasion of Privacy." (citing Restatement (Second) of Torts § 652I cmt. c)); *Life Designs Ranch, Inc. v. Sommer*, 364 P.3d 129, 139 (Wash. Ct. App. 2015) (following Restatement § 652I comment c to find "a corporation has no personal right of privacy and thus has no cause of action for invasion of privacy").

[16] *Russell v. Thomson Newspapers, Inc.,* 842 P.2d 896, 907 (Utah 1992) (quoting and noting recognition of false light doctrine as delineated in § 652E of Restatement (Second) of Torts (1977)); *Cox v. Hatch*, 761 P.2d 556, 563–64 (Utah 1988) (adopting and quoting Restatement's formulation of four distinct invasion of privacy torts, including false light); *see also Vasquez v. Trinity Mission Health & Rehab of Provo, LLC*, No. 2:11-cv-1002, 2013 WL 4095157, at *19 (D. Utah Aug. 13, 2013) ("Utah has adopted the Restatement (Second) of Torts section 652E (1977) for invasion of privacy torts.").

approach, it would logically follow that it may well adopt the rest of the Restatement on the same tort.[17]

On the other hand, the Utah Supreme Court's decision in *Sirq, Inc. v. The Layton Companies*[18] and to a lesser extent posturally similar cases from other jurisdictions could suggest that Utah would not adopt the Restatement. In *Sirq*, a company and an individual, the president of the company, brought a claim for false light invasion of privacy.[19] At trial, the jury found for the company and the individual on the false light invasion of privacy claim, but only awarded damages to the individual.[20] The company, though it prevailed, received no damages.[21] On review, the Utah Supreme Court reversed and remanded for a new trial because "the trial court failed to exercise its gatekeeping function to prevent the jury from considering remarks that were not capable of putting *SIRQ* and Peterson in a false light."[22] The Court thus allowed a false light claim by a company to continue without discussing whether corporate entities were categorically barred from asserting those claims.[23] However, this court sees no evidence that the parties presented the categorical ban argument to the Court or that the Court considered the issue at all. Similarly, other courts have allowed false light claims brought by non-person entities to continue

---

[17] *See MiMedX*, 2018 WL 4681005, at *7 ("Because Georgia, like the District of Columbia, has adopted the Restatement's articulation of a cause of action for false light invasion of privacy, this Court concludes that Georgia also recognizes the Restatement's prohibition on corporate plaintiffs bringing false light claims.").
[18] *SIRQ, Inc. v. The Layton Companies, Inc*., 2016 UT 30, ¶ 39, 379 P.3d 1237.
[19] *SIRQ, Inc.*, 2016 UT 30, ¶ 1.
[20] *Id.* ¶ 19.
[21] *Id.*
[22] *Id.* ¶ 56.
[23] *Id.*

without discussing the Restatement's categorical ban.[24] But the precedential and predictive value of these cases are limited because they did not explicitly address the question at hand.

For these reasons, the court takes the unusual step of requesting guidance from the Utah Supreme Court on the question of whether a corporate entity can maintain an action for false light invasion of privacy under Utah law.

## ORDER

Based on the foregoing, the court hereby ORDERS that, pursuant to Rule 41 of the Utah Rules of Appellate Procedure, the question articulated above be certified to the Utah Supreme Court. It is further ORDERED that the Clerk of this court shall transmit a copy of this certification to the parties and shall submit to the Utah Supreme Court a certified copy of this certification. Should the Utah Supreme Court determine that all or any portion of the record be filed with the court, this court further orders the Clerk to transmit the requested records.

Signed February 5, 2026.

BY THE COURT

_____
David Barlow
United States District Judge

---

[24] *See, e.g., Peterka v. Setter*, No. 2:18-CV-1177, 2020 WL 12604752, at *1, 6 (W.D. Pa. Sept. 24, 2020); *IMM Publications, Inc. v. Lamar Obie Corp*, No. CV 09-937-PK, 2010 WL 1838654, at *3 (D. Or. Mar. 30, 2010), report and recommendation adopted, No. CIV.09-937-PK, 2010 WL 1838619 (D. Or. May 6, 2010); *Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1058–59 (N.D. Ill. 2013), aff'd, 791 F.3d 729 (7th Cir. 2015); *Satkar Hosp. Inc. v. Cook Cnty. Bd. of Rev.*, No. 10 C 6682, 2011 WL 1303227, at *4 (N.D. Ill. Apr. 4, 2011); *Hurry v. Fin. Indus. Regul. Auth. Inc.*, No. CV-14-02490-PHX-ROS, 2016 WL 3653510, at *3 (D. Ariz. Apr. 4, 2016).